UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELISSA ANN SHARP, ) | |
| ) | |
| Plaintiff, ) | No. 3:12-CV-467 |
| ) | (SHIRLEY) |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

This case is before the Court on the Plaintiff's Motion for Amended Complaint [Doc. 21], filed on July 9, 2013. See 18 U.S.C. § 636(c). The Plaintiff's motion states that the original Complaint requests review of the denial of disability benefits for all time periods. The proposed Amended Complaint requests review only for June 20, 2009, the alleged onset date, through January 22, 2011. The Plaintiff asserts that amending the Complaint is necessary to protect her interests in her award of benefits granting disability beginning January 22, 2011.

By way of background, the Plaintiff filed an application for disability insurance benefits on July 30, 2009, alleging an onset date of June 20, 2009. On January 21, 2011,[1] an ALJ denied the Plaintiff's claim. The Plaintiff filed another application on February 28, 2011, alleging an onset date of January 22, 2011. Subsequently, on April 11, 2013, another ALJ found in favor of the Plaintiff.

The Commissioner filed on objection [Doc. 23] to the Plaintiff's motion. She asserts that the Plaintiff's motion is untimely and that justice does not require leave to amend the Complaint. In addition, she asserts that the amended Complaint would result in prejudice because the time

---

[1] The Plaintiff's motion states that the ALJ denied her claim on October 12, 2010. However, the ALJ's decision is dated January 21, 2011. The ALJ held the hearing on October 12, 2010.

for briefing has expired and the Plaintiff's motion represents an unreasonable and undue delay. Finally, she contends that the Plaintiff's motion is futile in that it attempts to add new evidence to the present case.

Federal Rule of Civil Procedure 15(a)(2) states that a "court should freely give leave" to amend "when justice so requires." The Plaintiff, however, has failed to explain why the Court should grant leave to amend the Complaint. In addition, the Court finds that granting the Plaintiff's motion would prejudice the Defendant because the time for briefing the issue of the subsequent award has expired. Finally, the Plaintiff's motion seeks to circumvent the requirements of 42 U.S.C. § 405(g) (stating that new and material evidence may warrant remand if good cause exists as to why such evidence was not previously submitted). Accordingly, the Plaintiff's Motion for Amended Complaint [**Doc. 21**] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge